Genaro **MENA–SANCHEZ;**
**et al., Petitioners,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–71391.

Agency Nos. A75–320–507, A75–320–508.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed.  R.App. P. 34(a)(2).

**152**

Martin Resendez Guajardo, Esq., San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq., U.S. Department of Justice Office of Immigration Litigation, Anh–Thu P. Mai, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Genaro Mena–Sanchez and Sarai Castro de Mena, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review legal questions de novo, and factual findings for substantial evidence. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004). We grant the petition for review.

■ Petitioners contend that the BIA violated their right to counsel in immigration proceedings by failing to inform them that their attorney, Miguel Gadda, was suspended from practice before the BIA

** This disposition is not appropriate for publication and may not be cited to or by the

while their appeal was pending. We agree. The BIA suspended Mr. Gadda on October 2, 2001. The BIA affirmed the IJ's denial of petitioners' application for cancellation of removal on April 23, 2002, noting in the decision that counsel of record had been suspended, and that petitioners were now proceeding pro se. The BIA's failure to provide petitioners with notice of counsel's suspension, and to obtain a knowing and voluntary waiver of the right to counsel, constituted a denial of the statutory right to representation in immigration proceedings. *See id.* at 1103–04; *see also* 8 U.S.C. § 1362 (stating that right to counsel of choice in immigration proceedings applies to "removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings").

■ To the extent that a showing of prejudice is required, petitioners have demonstrated that the BIA's failure to provide notice and the opportunity to obtain new counsel "potentially affected the outcome of the proceedings." *Baltazar–Alcazar v. INS*, 386 F.3d 940, 947 (9th Cir.2004) (internal quotation marks and alteration omitted). Although petitioners do not need to explain exactly what evidence they would have presented in support of their application, *see id.*, petitioners contend that new counsel could have moved to remand to the IJ to present evidence of hardship that accrued during the pendency of the appeal, *see Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987) (stating that motion to reopen filed while an appeal is pending before the BIA is treated as a motion to remand to the IJ for further proceedings).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Because petitioners could not raise their denial of counsel argument in their brief on appeal to the BIA, and because a discretionary motion to reopen is not required, we reject the government's contention that petitioners failed to exhaust this claim. *See Alcaraz v. INS*, 384 F.3d 1150, 1159–60 (9th Cir.2004).

■ Petitioners also contend that substantial evidence does not support the IJ's conclusion that they failed to establish ten years of continuous physical presence for purposes of cancellation of removal. We agree. The IJ erred by placing undue reliance on petitioners failure to provide contemporaneous documentation of their first three years in the United States. *See Vera–Villegas v. INS*, 330 F.3d 1222, 1234 (9th Cir.2003) ("It is unreasonable to discredit the sworn testimony of a witness for the sole reason that there is no contemporaneous documentary evidence to support it, especially when there may be valid reasons why no such evidence exists."). Petitioners testified that they entered the United States in 1987, and provided information regarding their initial work activities, and the reasons that they did not retain any corroborating documentation. Four witnesses also testified that they met one or both of the petitioners in 1987, and each witness tied the encounter to a specific recollection, such as the age of the petitioner, his or her employment activities, or a family event. Accordingly, the IJ's rejection of the witness testimony based on "vagueness and lack of ability to tie th[e] crucial information down to actual incidents that can be verified" is not supported by substantial evidence. *See id.*

We grant the petition for review and remand for proceedings consistent with this opinion.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

PETITION FOR REVIEW GRANTED.